**ENTER JS6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN KOES, individually and on behalf of other similarly-situated persons,<br><br>      Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation; ALLSTATE INDEMNITY COMPANY, an Illinois corporation; THE ALLSTATE CORPORATION, a Delaware corporation; TONY EVERTS, an individual, and DOES 1 through 100, inclusive,<br><br>      Defendants. | Case No. CV0706311 R(FFMx)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

On April 28, 2008, the Court held a hearing on defendant Allstate Insurance Company's and defendant Allstate Indemnity Company's (collectively "Allstate") motion to dismiss plaintiff Dan Koes's First Amended Complaint. Peter H. Klee appeared for Allstate. Scott Glovsky appeared for Koes. Having considered all papers and argument submitted in support of and in opposition to the motion, the Court rules as follows:

/ / /

/ / /

1

# I.

## FACTS ALLEGED IN THE COMPLAINT

Plaintiff Dan Koes was insured under an Allstate automobile insurance policy.  (First Amended Complaint, ¶ 11.)  Starting in early 2006, Koes saw Allstate television commercials about its "accident forgiveness program."  (Id., ¶ 12.)  The commercials promised that "your rates won't go up just because of an accident."  (Id.)  Koes relied on this "promise" and maintained his insurance policy with Allstate.  (Id.)

In late November 2006, Koes's wife was involved in auto accident.  (Id., ¶ 13.)  In early August 2007, Allstate sent Koes a renewal declarations page offering to renew the policy on September 6, 2007, but if he chose to renew he had to pay a premium surcharge due to an at-fault accident.  (Complaint, Ex. A.)  Koes's wife then spoke to their Allstate agent, who told her that Allstate did not offer the accident forgiveness program in California.  (Id.)

Koes filed this lawsuit on August 6, 2007, and amended it in December 2007. The amended complaint alleges claims for (1) breach of the duty of good, faith and fair dealing, (2) breach of contract, (3) Business & Professions Code section 17200, and (4) Consumer Legal Remedies Act ("CLRA") and (5) Negligent Misrepresentation.

# II.

## ALL OF KOES'S CLAIMS FAIL BECAUSE HE WAS NOT HARMED BY ALLSTATE'S CONDUCT

"A wrong without damage does not constitute a cause of action for damages." Frustuck v. City of Fairfax, 212 Cal. App. 2d 345, 368 (1963).  Therefore, all of Koes's causes of action share the requirement that he allege that he was harmed as a result of Allstate's conduct.  Golden Eagle Refinery Co. v. Associated Int'l Ins. Co., 85 Cal. App. 4th 1300, 1314, 102 Cal. Rptr. 2d 834 (2001) (resulting damage is an essential element of a breach of contract claim); Maxwell v. Fire Ins. Exch., 60 Cal.

App. 4th 1446, 1451, 70 Cal. Rptr. 2d 866 (1998) (showing of economic loss required for bad faith claim); Home Budget Loans, Inc. v. Jacoby & Meyers Law Offices, 207 Cal. App. 3d 1277, 1285, 255 Cal. Rptr. 483 (1989) (negligent misrepresentation claim requires resulting damage); Cal Civ. Code § 1780 (CLRA claim may be brought by person "who suffers any damage" as a result of the misleading practice"); California Bus. & Prof. Code § 17204 (Section 17200 requires plaintiff to suffer "injury in fact" as a result of unfair competition).

Here, Koes does not and cannot allege that he was damaged by Allstate's conduct.  Koes admits that, after his wife's accident, he got a renewal bill indicating that his rates would increase.  He also admits that he spoke to his agent, and she told him that the accident forgiveness program did not apply in California.  Thus, Allstate's commercials did not mislead Koes into paying a higher premium; if he renewed the policy, he renewed knowing full well that his rate had increased because of the accident.  So even if Allstate's commercials were misleading, they did not cause Koes any harm.  Therefore, he cannot state any claim against Allstate.

In opposition, Koes implies that he did not renew the policy.  But paragraph 14 of the First Amended Complaint alleges that Koes received a renewal declarations page, and it is attached to the complaint as Exhibit A.  Koes does not allege that he refused to pay the premium or that he cancelled his Allstate policy.  To the contrary, he alleges that at all relevant times he was insured under the Allstate policy.

Moreover, if Koes did not renew the policy, then he would not be a current Allstate insured and would thus lack Article III standing to assert a Section 17200 claim.  Hangarter v. Provident Life & Accident Ins. Co., 373 F. 3d 998, 1021-1022 (9th Cir. 2004).

Koes contends that he was damaged because he maintained the policy between the time of the accident and the time of the renewal.  But Koes does not allege that, during that period of time, his premium increased or that he was out of pocket any additional money.

3

1     Koes suggests that he could have cancelled his policy, received a partial refund

2  and purchased coverage with another insurer.  The first amended complaint, however,

3  does not allege any of these things.  And even if it did, that would not be enough to

4  show that Koes was damaged.  The failure to get a refund does not constitute damage.

5  Koes kept his policy in force and got what he paid for – coverage.  Koes could only

6  have obtained a refund if he cancelled the policy.  But then he would have had no

7  coverage.

8     Nor does Koes allege that any other insurer offered accident forgiveness in

9  California or that his premium would have been lower if he had switched to a

10  different insurer who offered that program.  <u>See</u> <u>St. Paul Fire & Marine Ins. Co. v.</u>

11  <u>American Bank</u>, 33 F. 3d 1159 (9th Cir. 1994), (holding that insured was not

12  damaged by the insurer's alleged misrepresentation about coverage because the

13  insured "suffered [damage] only if coverage was available elsewhere and if the

14  [insured] would have been able to purchase it.  The lost opportunity to search, absent

15  evidence of the existence of obtainable insurance coverage elsewhere, simply is not a

16  cognizable injury in this context." ); <u>Jones v. Grewe</u>, 189 Cal. App. 3d 950 (1987)

17  (court dismisses insured's claim that he did not get the insurance coverage he was

18  promised because he did not allege that he could have obtained it elsewhere).

19     In sum, the only harm Koes could have suffered was paying a higher premium.

20  But he was not misled into paying it; if he paid it, he paid it with his eyes wide open.

21  Therefore, Koes was not harmed by anything Allstate did.  As a result, Koes cannot

22  state any claim against Allstate.  Koes's individual claims are also barred for the

23  additional reasons stated below.

### IV.

### <u>KOES CANNOT STATE A CLAIM FOR BREACH OF CONTRACT</u>

26     Koes's breach of contract claim also fails because he cannot allege any

27  contractual term that Allstate breached.  The insurance policy says nothing about the

28  effect of accidents on premiums.  (See Allstate's Request for Judicial Notice)

Koes contends that the television commercials amended or modified the insurance policy.  But the policy states that it cannot be modified unless the modification is by an endorsement in writing:

> When **Allstate** broadens a coverage during the policy period without additional charge, **you** have the new feature if **you** have the coverage to which it applies.  The new feature applies on the date the coverage change is effective in **your** state.  Otherwise, the policy can be changed only by endorsement.  (Allstate's Request for Judicial Notice, Ex. 1, p. 2.)

The alleged rate promise is not about coverage.  Therefore, if the promise amended the policy, it had to do so by endorsement.  Koes does not allege that any endorsement incorporates this rate promise.

To the extent Koes contends that the rate promise was an implied term of the contract, that cannot support a breach of contract claim.  The implied covenant is designed to insure that a party acts fairly in complying with the express terms of the contract.  Racine & Laramie Ltd. v. Dept. of Parks and Recreation, 11 Cal. App. 4th 1026, 1032, 14 Cal. Rptr. 2d 335 (1992).  Therefore, courts "cannot [under the guise of the implied covenant] impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement."  Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 349-50, 100 Cal. Rptr. 2d 352 (2000).  See also Starzynski v. Capital Public Radio, Inc., 88 Cal. App. 4th 33, 39, 105 Cal. Rptr. 2d 525 (2001) ("[t]he covenant of good faith and fair dealing cannot impose substantive terms and conditions beyond those to which the parties actually agreed."); ML Direct, Inc. v. TIG Specialty Ins. Co., 79 Cal. App. 4th 137, 142, 93 Cal. Rptr. 2d 846 (2000) (courts "do not have the power to create for the parties a contract which they did not make and cannot insert language which one party now wishes were there").

Here, no term in the actual insurance contract states that Allstate will not raise premiums due to an accident.  Therefore, Koes cannot use the TV commercials to "imply" such a term into the contract.

1    For these additional reasons, Koes cannot state a breach of contract claim.

2                                         **III.**

3               <u>**KOES CANNOT STATE A CLAIM FOR**</u>

4               <u>**BREACH OF THE IMPLIED COVENANT**</u>

5    To state a claim for breach of the implied covenant, a plaintiff must also

6    allege that: (1) benefits due under a policy were withheld, and (2) the benefits were

7    withheld unreasonably or without proper cause.  <u>Love v. Fire Ins. Exchange</u>, 221

8    Cal. App. 3d 1136, 1151, 271 Cal. Rptr. 246 (1990).  "As a result, where no benefits

9    are withheld or delayed, there is no cause of action for the breach of the covenant of

10   good faith and fair dealing."  <u>Progressive West Ins. Co. v. Superior Court</u>, 135 Cal.

11   App. 4th 263, 278, 37 Cal. Rptr. 3d 434 (2005).

12   Here, Koes does not allege that Allstate refused to pay benefits for the

13   accident or delayed paying benefits to repair the car.  Therefore, Koes cannot state a

14   claim for breach of the implied covenant.

15                                         **IV.**

16         <u>**KOES HAS NO LEGAL BASIS TO SUPPORT HIS CLRA CLAIM**</u>

17   The fourth cause of action for violations of the CLRA also fails because the

18   CLRA does not apply to insurance.

19   Nearly 30 years ago, not long after the CLRA was enacted, the California

20   Supreme Court explained that the statute applies only to transactions involving

21   "goods or services," and that insurance is "neither a 'good' nor 'service' within the

22   meaning of the [CLRA]."  <u>Civil Service Employees Ins. Co. v. Superior Court</u>, 22

23   Cal. 3d 362, 376, 149 Cal. Rptr. 360 (1978).

24   Federal courts throughout California have reached the same result and held

25   that the CLRA does not apply to insurance claims.  <u>See</u> <u>e.g.</u> <u>Estate of Migliaccio v.</u>

26   <u>Midland Nat'l. Life Ins.</u>, 436 F. Supp. 2d 1095, 1108 (C.D. Cal. 2006) ("The Court

27   has located no subsequent authority which calls into question the California

28   Supreme Court's dicta in Civil Services Employees stating that an annuity [a form of

1  insurance] is neither "good" nor "service" within the meaning of the CLRA. . . .

2  [T]he Court finds that Civil Services Employees remains the strongest indication of

3  how the California Supreme Court's would resolve this issue."); <u>Moroney v.</u>

4  <u>American Intern. Group (In re Bacon)</u>, 415 F. Supp. 2d 1027, 1035-36 (N.D. Cal.

5  2006) ("Civil Service Employees represents the best indication of how the

6  California Supreme Court would rule on the issue were the issue to come squarely

7  before it"); <u>Newland v. Progressive Corp.</u>, 2006 U.S. Dist. LEXIS 62359 at *14

8  (E.D. Cal. August 31, 2006) (same).  Koes has not cited any case holding that the

9  CLRA applies to insurance.

10      Because CLRA does not apply to insurance, Koes's fourth cause of action

11  fails as a matter of law.

12  **V.**

13  **<u>KOES'S CLAIM FOR NEGLIGENT MISREPRESENTATION FAILS</u>**

14  **<u>AS A MATTER OF LAW</u>**

15      The fifth cause of action is for negligent misrepresentation.  Koes alleges that

16  Allstate negligently misrepresented that it would comply with its rate promise.

17  California law, however, does not recognize a claim for negligent false promise.

18      As the court explained in <u>Tarmann v. State Farm Mutual Automobile</u>

19  <u>Insurance</u>, 2 Cal. App. 4th 153, 2 Cal. Rptr.2d 861 (1991):

20      To maintain an action for deceit based on a false promise, one must
       specifically allege and prove, among other things, that the promisor did
21      not intend to perform at the time he or she made the promise and that it
       was intended to deceive or induce the promisee to do or not do a
22      particular thing . . . Given this requirement, an action based on a false
       promise is simply a type of *intentional* misrepresentation, i.e., actual
23      fraud.  The specific intent requirement also precludes pleading a false
       promise claim as a negligent misrepresentation, i.e., 'The assertion, as a
24      fact, of that which is not true, by one who has no reasonable ground for
       believing it to be true.'   (internal citations omitted)

25

26      Therefore, the <u>Tarmann</u> court declined "to establish a new type of actionable

27  deceit:  a negligent false promise."  <u>Id.</u>; <u>see  also</u> <u>Dielsi v. Falk</u>, 916 F. Supp. 985,

28  995 n.13 (C.D. Cal. 1996) ("[A]n action for negligent misrepresentation cannot be

7

1  founded upon a false promise."); <u>Snider v. Roadway Packaging Systems</u>, 2000 WL

2  375234, *7 (N.D. Cal. 2000) ("Under California law, a plaintiff cannot base a

3  *negligent* misrepresentation claim on allegations of a defendant's false promises.")

4  (italics in original).

5      Here, too, Koes cannot maintain a claim for a negligent false promise.

6                              **VI.**

7                         **<u>CONCLUSION</u>**

8      Koes has already been provided an opportunity to amend his complaint.  But

9  the first amended complaint still fails to state a claim upon which relief can be

10  granted.  Therefore, for all of the reasons stated above, the Court grants Allstate's

11  motion to dismiss with prejudice.

12

13  Dated:  __May 8, 2008_   _____

14                              Manuel L. Real
                                United States District Court Judge
15

16

17  101091109.1

18

19

20

21

22

23

24

25

26

27

28